**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

NOT FOR PUBLICATION

| | |
|---|---|
| PLASTIC THE MOVIE LIMITED,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 98.109.186.44,<br><br>　　　　Defendant. | Civ. A. No.<br><br>2:15-02476-SDW-SCM<br><br>**OPINION AND ORDER ON PLAINTIFF'S MOTION, [D.E. 4] FOR EXPEDITED DISCOVERY PRIOR TO A RULE 26(F) CONFERENCE** |

**I.   INTRODUCTION**

　　　This matter comes before the Court by way plaintiff Plastic The Movie Limited's ("Plaintiff") motion for leave to serve a third-party subpoena prior to the Rule 26(f) conference in this case. (ECF Docket Entry No. ("D.E.") 4).  The purpose of the third-party subpoena is to ascertain the identity of the subscriber assigned Internet Protocol ("IP") address 98.109.186.44 for the dates relevant to the complaint.  Upon careful consideration of the unopposed motion,[1] Plaintiff's motion is **granted in part and denied in part.**

---

[1] A court may consider a motion to be uncontested when opposition has not been filed as required by local rule. *Taylor v. Harrisburg Area Comm. Coll.*, 2014 W.L. 4071644 (3rd Cir. 2014).  District of New Jersey Local Civil Rule 7.1 requires that motions be made on at least 24-days notice. L.Civ.R. 7.1(a). Opposition to any motion is due at least 14 days prior to the original return date, unless the Court otherwise orders or an automatic extension is obtained. L.Civ.R. 7.1(d)(2).

1

**II.   BACKGROUND**

Plaintiff Plastic The Movie Limited filed its complaint ("the Complaint") against a "John Doe" defendant ("Defendant") identified only by IP address asserting a claim for direct copyright infringement. (Compl. ¶ 2, D.E. 1).  Plaintiff is a limited-liability corporation from the United Kingdom that claims ownership over a United States copyright for the film "Plastic." (Compl. ¶¶ 8 and 11, D.E. 1). Plaintiff alleges that Defendant illegally copied and distributed its copyrighted works via a peer-to-peer file sharing protocol called BitTorrent, in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.* (Compl. ¶¶ 2, 16-32, D.E. 1).

Plaintiff asserts that, "[b]y using BitTorrent, Defendant copied and distributed the constituent elements of the copyrighted work" and that "Plaintiff did not authorize, permit or consent to Defendant's distribution of its work." (Compl. ¶¶ 37-38, D.E. 1). Plaintiff employed an infringement detection company, Excipio GmbH to identify the IP address of the alleged infringer who used the BitTorrent protocol to reproduce and distribute the copyrighted film "Plastic." (Compl. ¶ 23-32, D.E. 1).  Plaintiff concludes that Defendant shared the film because its expert "downloaded part of a digital media file (the "Infringing File") from Defendant." (*Id*. at ¶ 26-27).

2

On April 21, 2015, Plaintiff filed the at-issue motion. (D.E. 4). Plaintiff asserts it does not know Defendant's true identity; it only knows that the infringing acts alleged in the Complaint were committed using IP address 98.109.186.44. Plaintiff seeks leave to issue a subpoena to the appropriate Internet Service Provider ("ISP") Verizon Internet Services for the "true name and address of the Defendant." (D.E. 4-1 at 5). Plaintiff further asserts that "[w]ithout this information, Plaintiff cannot serve the Defendant nor pursue this lawsuit to protect its valuable copyrights." (*Id.*)

### III.  DISCUSSION

Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." The Court, however, may grant leave to conduct discovery prior to that conference. *Id*. In ruling on a motion for expedited discovery, the Court should consider "the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances." *Better Packages, Inc. v. Zheng*, 2006 WL 1373055, at *2 (D.N.J. May 17, 2006) (*quoting Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 624 (N.D. Ill. 2000)). Courts faced with motions for leave to serve expedited discovery requests to ascertain the identity of John Doe defendants in internet copyright infringement cases often apply

3

the "good cause" test. *See In re Bittorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765 (E.D.N.Y. May 1, 2012) (granting limited early discovery regarding a John Doe defendant); *Pacific Century Int'l. Ltd. v. Does 1-101*, 2011 WL 5117424, *2 (N.D. Cal. Oct. 27, 2011) (finding plaintiff had not shown good cause to obtain expedited discovery). Good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Am. Legalnet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002).

The Courts in this District have previously applied the "good cause" standard to permit limited, early discovery under nearly identical circumstances. *See Malibu Media, LLC. v. John Does 1-11*, 2013 U.S. Dist. LEXIS 26217 (D.N.J. Feb. 26, 2013). In the case above, that plaintiff sought leave to serve a subpoena demanding that the ISP in question reveal the John Doe defendants' names, addresses, telephone numbers, e-mail addresses, and Media Access Control addresses. *Id*. at *3-4. The court granted the plaintiff's request for early discovery, but limited the request to include only the information absolutely necessary to allow it to continue prosecuting its claims, i.e., only the defendant's name and address. *Id*. at *3. In imposing this limitation, the court recognized that the person whose

4

information was on file with the ISP may not be the same person who engaged in the allegedly infringing activity (i.e., others, including persons outside of the household, may have been responsible), and because more expansive discovery could impose an undue burden on such innocent individuals. *Id*. at *9-11 (citing *Third Degree Films, Inc. v. John Does 1-110*, 2013 U.S. Dist. LEXIS 27273 (D.N.J. Jan. 17, 2013)). Other judges in this District have reached the same conclusion and have imposed similar limitations. *See*, *e.g.*, *Malibu Media LLC v. Doe*, No. 14-3874 (WJM) (MF), Order (D.E.7), at 4 (D.N.J. Sept. 2, 2014) (limited subpoena to be issued before Rule 26 conference to "the name and address of Defendant"); *Malibu Media, LLC v. Doe, No. 13-4660* (JAP) (DEA), slip op. (D.E. 5) at 2 (D.N.J. Aug. 19, 2013) (limiting the scope of a pre-Rule 26(f) conference subpoena to a subscriber's name and address); *Voltage Pictures v. Doe*, 2013 U.S. Dist. LEXIS 155356, *9-10 (D.N.J. May 31, 2013) (granting leave to serve subpoena requesting only the name, address, and media control address associated with a particular IP address*); Malibu Media, LLC v. John Does 1-18*, 2013 U.S. Dist. LEXIS 155911, *9-10 (D.N.J. Mar. 22, 2013) (restricting the scope of a pre-Rule 26(f) conference subpoena by not permitting discovery of the internet subscriber's telephone number or e-mail addresses).

The Court recognizes good cause in this case to permit limited discovery prior to the Rule 26(f) conference but remains aware of the negative impact that disclosure of the information sought may have on an innocent subscriber. The information is necessary to allow Plaintiff to identify the appropriate defendant, and to effectuate service of a complaint.  However, the IP account holder might possess information that assists in identifying the alleged infringer, and thus that information is discoverable under the broad scope of Rule 26. *See Malibu Media, LLC v. Does*, No. 12-07789 (KM) (MCA), 2013 U.S. Dist. LEXIS 183958, at *24 (D.N.J. Dec. 18, 2013) ("The Court notes that it is possible that the Internet subscriber did not download the infringing material. It is also possible, however, that the subscriber either knows, or has additional information which could lead to the identification of the alleged infringer. Accordingly, the Court finds that the information sought by the subpoena is relevant*."); see also Malibu Media LLC v. Doe*, No. 14-3874 (WJM) (MF), Order (D.E. 7), at 3 (D.N.J. Sept. 2, 2014) (*quoting Malibu Media, LLC v. Does*, No. 12-07789 (KM) (MCA), 2013 U.S. Dist. LEXIS 183958, at *24 (D.N.J. Dec. 18, 2013)).

**IV.   CONCLUSION**

For the foregoing reasons, good cause exists to allow Plaintiff to discover the name and address of the IP subscriber. This information serves the purposes outlined above, while also taking into consideration the impact that disclosure might have on a subscriber who is not personally responsible for the alleged copyright infringement. Therefore, the Court grants Plaintiff's motion, D.E. 4 for expedited discovery in part and denies it in part.[2]

**IT IS** on this 6 May 2015,

1. **ORDERED** that Plaintiff has leave to serve Verizon Internet Services with a subpoena pursuant to Federal Rule of Civil Procedure 45 that is limited to the <u>name and address</u> of the subscriber of IP address 98.109.186.44.  Plaintiff may not seek the subscriber's telephone number(s), email address(es), or MAC addresses; and it is further

2. **ORDERED** that Plaintiff shall attach a copy of this Opinion and Order to the subpoena; and it is further

3. **ORDERED** that Plaintiff shall limit its use of the information obtained by the subpoena to this litigation, and Plaintiff shall be prepared to provide copies of the responsive

---

[2] If Plaintiff seeks leave to amend its Complaint to name a specific defendant, it shall ensure that it has a factual basis for the assertion that the named defendant <u>actually</u> engaged in the copyright infringement outlined in the complaint. By allowing this early discovery under Rule 45, the Court is not asserting that Plaintiff may rely solely on the subscriber's affiliation with the IP address in question as the basis for its claims.

7

information to any defendant who enters an appearance in this case.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

5/6/2015 5:37:32 PM